Mr. Brian Douglas
Inmate I.D. No. DP-1285                 IN PROPRIA PERSONA
P.O. Box 200
Camp Hill, PA 17001-0200

1 : CV00-0982

IN THE

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RECEIVED
SCRANTON

MAY 3 0 2000

| | |
|---|---|
| BRIAN DOUGLAS<br>    PLAINTIFF | COMPLAINT PER _____<br>DEPUTY CLERK |
| VS. | FILED<br>SCRANTON<br>CIVIL ACTION NO. |
| MARTIN F. HORN, ET AL,.. | JUN 02 2000<br>JURY TRIAL DEMANDED _____<br>PER _____<br>DEPUTY CLERK |

## MOTION FOR THE APPOINTMENT OF COUNSEL

BRIAN DOUGLAS, Plaintiff, pursuant to § 1915, respectfully request this honorable court to appoint counsel to represent him in the above captioned case for the following reasons:

1. The Plaintiff Brian Douglas, is unable to afford counsel.

2. The Plaintiff has a disability under the American With Disabilities Act that limits his knowledge of the law.

3. The issues involved in this case are very complex.

4. The Plaintiff, is incarcerated in a Maximum Security Prison.

5. The Plaintiff has no Paralegal Assistance, and limited access to the prison law library.

WHEREFORE, the plaintiff's Motion For Appointment of Counsel should be GRANTED, by this honorable court.

5-25-2000

_____
(signature of plaintiff)

Mr. Brian Douglas                                IN PROPRIA PERSONA
Inmate I.D. No. DP-1285
P.O. Box 200
Camp Hill, PA 17001-0200

---

IN THE

UNITED  STATES  DISTRICT  COURT

FOR  THE  MIDDLE  DISTRICT  OF  PENNSYLVANIA

---

AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL

BRIAN DOUGLAS, being duly sworn, deposes and says:

1. I am the Plaintiff in the above entitled case. I make this
   addidvit in support of my Motion For Appointment of Counsel.
2. The complaint in this case alleges that the Plaintiff was
   subjected to denial of Access to the Courts, Discrimination
   based on disability or race, Deliberate Indiference to safety
   and health, Tort claim, exclusion from employment and programs,
   violation of his Fifth, Eighth, and Fourteenth Amendment Rights
   under the United States Consitution.
3. This is a very complex and differcult case, because it contains
   several different legal claims, with each involving a different
   set of defendants
4. This case involves medical and discovery issues that may require
   an expert to testify.
5. The Plaintiff has demanded a jury trial.
6. The case will require an examination of defendants records and
   files, discovery of documents and despositions of witnesses.
7. The testimony will be in sharp conflict, since the plaintiff has
   a number of controvorcial allegations.
8. The plaintiff has no legal education and does not have access to
   paralegal assistance.
9. The plaintiff has contacted various organizations and attorneys
   requesting legal assistance, but none have answered his request.

# AFFIDAVIT CONTINUED...

10. Plaintiff has very limited access to legal material because
    he is incarcerated and the prison law library has limited books.

11. Plaintiff has recieved some legal assistance from inmates in
    solitary confinement, but no longer has access to these prisoners.

12. As set forth in the Memorandum of Law sumitted with this motion,
    these facts, along with the legal merit of the plaintiff's claims,
    support the appointment of counsel to repressent plaintiff.

   WHEREFORE, the Plaintiff's Motion For The Appointment of Counsel
   should be  GRANTED.

   Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury
   that the foregoing is true and correct.

   Executed on  5-25-2000                    _Bria Dougla_
              (Date)                        (Signature of Plaintiff)

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S

MOTION FOR APPOINTMENT OF COUNSEL

Statement of the Case

This is a civil rights case filed under 42 U.S.C. 1983 by
a state prisoner who has a qualified disability under ADA.
Plaintiff is asserting claims of unconstitutional denial of
access to the courts, discrimination based on disability and
race, deliberate indifference to his safety and medical
condition, a tort injury claim and 5th, 8th and 14th Amendment
violations. The plaintiff seeks compensatory and punitive
damages, declaratory and injunctive relief, a temporary
restraining order to stop any retaliatory punishment and
paralegal assistance to amend the pleading in this Honorable
Court.

Statement of Facts

The complaint alleges that the plaintiff was denied access
to the courts and suffered actual injury because of this
unconstitutional deprivation. Plaintiff has been denied
paralegal assistance, adequate law library, more than six hours
per week in the law library, inmate assistance without threat
of punishment, and his legal petitions, grievances and
complaints dismissed. Plaintiff has suffered emotional and
mental anguish from discrimination because of his race and
qualified disability under Americans with Disabilities Act. He
has been excluded from employment, educational and vocational
training programs, state and federal programs, medical
treatment, dental surgery and equal treatment. The plaintiff

was convicted at a disciplinary hearing of assisting a deaf inmate in a grievance procedure. The hearing examiner denied plaintiff's request to call inmate and staff member witnesses who were present during the incident. He has been discriminated against because of his color in so many different ways that this issue alone would require a separate memorandum of law. He challenges the denial of medical and dental care by the defendants. Plaintiff has a tort injury claim, with deliberate indifference allegations of working and medical conditions. The sheer number of claims and defendants make this a factually complex and difficult case.

In addition, one of the plaintiff's claims involves the denial of medical care and tort personal injury. It will probably be necessary to present a medical expert witness or to cross-examine a medical witness called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. **Moore v. Mabus**, 976 F. 2d 268, 272 (5th Cir. 1992), **Jackson v. Mclean County**, 953 F. 2d 1070, 1073 (7th Cir. 1992), **Tucker v. Randall**, 948 F. 2d 388, 392 (7th Cir. 1991)

The plaintiff is incarcerated and severely hampered in his ability to investigate the facts. He is unable to identify, locate and interview inmates or staff to determine and evaluate conflicting testimony. **Tucker v. Randall**, supra, 391-392, **Gatson v. Coughlin**, 679 F. Supp. 270, 273 (W.D.N.Y. 1988), **Armstrong v. Snyder**, 103 F.R. 96, 105 (E.D. Wis. 1984). Furthermore, this case will require considerable discovery

2

concerning the identity of witnesses, defendants reports and statements about the incidents, the history of defendants with prior records of discrimination, abuse of inmates, and other factual reports and documents. Plaintiff's medical history will have to be reviewed and evaluated to compare with defendants records and compared with defendants record of events. **Tucker v. Dickey**, 613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985).

The plaintiff's allegations, if proved, would constitute constitutional violations and establish and ADA claim. The denial of due process and equal protection as well as the infliction of cruel and unusual punishment are issues for the defendant to disprove. The unprovoked and injurious racial and disability discrimination clearly states a 14th Amendment violation. **Hudson v. Millian**, 112 S. Ct. 995. 1000 (1992). The allegations of denial of medical and dental care amount to "intentionally interfering with treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners safety and medical needs. **Estelle v. Gamble**, 429 U.S. 97, 105, 97 S. Ct. 285 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence and the racial conspiracy of the hearing examiner and defendant Stodgel are all plain violations of due process. There are several other meritorious issues that have not been addressed here, however the plaintiff will present supporting documentation for his allegations. **Ponte v. Real**, 471 U.S. 491,

3

497, 105 S. Ct. 2192 (1985, **Superintendent v. Hill**, 472 U.S. 455, 457, 105 S. Ct. 2768 (1985), **Dyson v. Kocik**, 689 F. 2d 466, 467-468 (3rd Cir. 1982), **Sandars v. Horn**, 959 F. Supp. 689 (E.D. Pa. 1996). On its face, then, this is a meritorious case.

WHEREFORE, for each of the foregoing reasons, the Court should grant the plaintiff's motion for appointment of counsel in this case.

Respectfully    submitted,

Brian Douglas

Subscribed and sworn to before me this ___ day of May 2000.

_____

_____

4