IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN DOUGLAS,<br>Plaintiff | : | NO. 1:00-CV-0982 |
| | : | JUDGE SYLVIA H. RAMBO |
| v. | : | |
| MARTIN F. HORN, et al.,<br>Defendants | : | CIVIL ACTION - LAW<br>JURY TRIAL DEMANDED |

## DEFENDANT, DR. LASKY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

AND NOW, comes Defendant, Martin Lasky, D.O. [misnamed Dr. Lansky], by and through his attorneys, Lavery, Faherty, Young & Patterson, P.C., and files this Motion to Dismiss Plaintiff's Complaint and in support thereof, avers as follows:

1. Plaintiff, Brian Douglas, a <u>pro se</u> inmate incarcerated at SCI-Camp Hill initiated this civil action by filing a Complaint on May 30, 2000.

2. Plaintiff's Complaint arises out of conditions of his confinement at SCI-Camp Hill, including the medical treatment which he received at that facility.

3. By Order dated September 8, 2000, this Honorable Court directed the United States Marshal to serve Plaintiff's Complaint in accordance with Fed.R.Civ.P. 4.

4. Plaintiff's Complaint was served upon Moving Defendant, Dr. Lasky, via a Waiver of Service of Summons dated December 1, 2000 and was received by the Moving Defendant's employer on December 5, 2000.

5. Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

6. The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM804 (effective October 20, 1994). With certain exceptions, DC-ADM804 § VI provides that after attempted informal resolution of the problems, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager, Community Corrections Regional Director, and a final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Medical Review Committee.

7. Plaintiff's Complaint against Defendant, Wexford Health Services, Inc., relates to prison conditions, i.e. the medical treatment provided to Plaintiff while he was incarcerated at SCI-Camp Hill. Nowhere in his Complaint, however, does Plaintiff allege that he has exhausted the administrative remedies available at SCI-Camp Hill prior to initiating this lawsuit.

8. Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law

2

with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

9. In this case, Plaintiff has failed to exhaust the Consolidated Inmate Grievance Review system at SCI-Camp Hill and thus his Complaint must be dismissed for failure to exhaust available administrative remedies.

10. Plaintiff's Complaint fails to state claims or causes of action for violation of any federally protected rights upon which relief can be granted.

WHEREFORE, Defendant, Martin Lasky, D.O., respectfully requests that this Honorable grant his Motion to Dismiss Plaintiff's Complaint and enter the accompanying Court Order.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 01/29/2001

By: *[signature]*
James D. Young, Esquire
Attorney I.D. 53904
P. O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendant,
Martin Lasky, D.O.

3

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this __29th__ day of January, 2001, I served a true and correct copy of the foregoing DEFENDANT, DR. LASKY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

Mr. Brian Douglas
SCI-Camp Hill
DP-1285
P.O. Box 200
Camp Hill, PA 17001

Raymond Dorian, Esquire
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
P.O. Box 598
Camp Hill, PA 17001-0598

_____
Linda L. Gustin