IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN DOUGLAS,

    Plaintiff,

v.

MARTIN F. HORN, et al.,

    Defendants

Civil Action No. 1:CV-00-0982

(Judge Rambo)

## BRIEF IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I. **STATEMENT OF THE CASE**

This civil rights action was filed by Plaintiff Brian Douglas, who is currently housed at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). This action is brought against former Secretary of the Department of Corrections Martin F. Horn, Chairman of the Board of Probation and Parole William F. Ward, former Superintendent Kyler, present Superintendent Dragovich and various Department of Corrections' employees at SCI-Camp Hill. In addition, the Plaintiff has sued Doctor Lasky, the Medical Director at SCI-Camp Hill, who is employed by an independent medical provider.

Plaintiff alleges in part that in July of 1998, he was hired to work in the law library at SCI-Camp Hill by Defendant Zhong. Plaintiff says he received no legal training nor did he

observe any other inmate at SCI-Camp Hill receive staff paralegal training during his employment. He allegedly requested legal assistance from Zhong to file an appeal from the denial of his petition to modify sentence, but was denied that request. The reason for the denial is not given. See Complaint at ¶¶ 27-29, 33-34. On October 1, 1998, Defendant Densham confiscated Plaintiff's legal petition, issued Misconduct No. 497278 to him and placed him in pre-hearing confinement. On October 7, 1998, Hearing Examiner Andrade found the Plaintiff guilty of Misconduct No. 497278 and removed him from his job at the law library. On October 21, 1998, the misconduct was overturned and expunged from his record. However, Defendant Zhong refused to rehire Plaintiff to work in the law library. See Complaint at ¶¶ 37, 42, 45-6. Plaintiff also contends that Defendant Densham told Defendant Zhong not to hire Plaintiff, because of Plaintiff's race. See Complaint at ¶ 98. Plaintiff subsequently filed Grievance No. CAM 0212-00 against Defendant Zhong for preferential treatment of Caucasian inmates in the law library. See Complaint at ¶ 50.

On January 8, 1999, Plaintiff filed a Post Conviction Relief Act ("PCRA") Petition, but contends that it was dismissed because he did not receive any staff paralegal assistance. See Complaint at ¶ 53. Plaintiff contends that he has been denied access to the Pennsylvania Superior Court since June of 1999, because the Defendants refuse to provide him with staff paralegal assistance. See Complaint at ¶ 60. Plaintiff's petition for modification of sentence was allegedly denied on October 5, 1999. See Complaint at ¶ 61.

On June 30, 1999, Defendant Stodgell issued Misconduct No. 143702 to Plaintiff for assisting a disabled inmate in a grievance procedure. Hearing Examiner Andrade allegedly refused to allow Plaintiff any witnesses at the misconduct hearing to prove his innocence. Andrade and Stodgell allegedly conspired to find Plaintiff guilty of Misconduct No. 143702. See

Complaint at ¶¶ 55-59, 116-122. Plaintiff appealed the misconduct to Superintendent Kyler and Chief Hearing Examiner Bitner, who both agreed with the finding of guilt. See Complaint at ¶¶ 123-127.

Plaintiff also contends that he is disabled under the Americans with Disabilities Act ("ADA"). His unidentified disability allegedly interferes with his ability to use or understand legal materials. He contends he has not received reasonable accommodations for his disability. See Complaint at ¶¶ 68-86. In addition, he claims that his participation in the sex offender's program violates the Fifth Amendment. See Complaint at ¶¶ 87-97. Plaintiff's Complaint also challenges the constitutionality of Pennsylvania's Megan's Law. Complaint at ¶¶ 201-206, 214(A).

Finally, he has a medical claim, in which he alleges that he slipped and fell on a wet floor in the kitchen at SCI-Camp Hill. He contends that he was sick at the time and that Defendant Sucic denied him emergency medical treatment. See Complaint at ¶¶ 162-167. He also contends that Defendant Roman ignored his request for medical treatment and failed to inform medical staff about the slip and fall. See Complaint at ¶¶ 168-169.

On May 30, 2000, Plaintiff filed his Complaint. On December 27, 2000, service of summons was waived as to the Department of Corrections' Defendants.

This brief is filed in support of the Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint.

## II. STATEMENT OF ISSUES PRESENTED

1. SHOULD PLAINTIFF'S COMPLAINT BE DISMISSED UNDER THE PRISON LITIGATION REFORM ACT ("PLRA"), FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES?

3

      Suggested Answer:    YES.

2. SHOULD PLAINTIFF'S COMPLAINT BE DISMISSED TO THE EXTENT IT SUES THE DEFENDANTS IN THEIR OFFICIAL CAPACITY?

      Suggested Answer:    YES.

3. SHOULD PLAINTIFF'S ALLEGATIONS OF CONSPIRACY AGAINST THE DEFENDANTS BE DISMISSED, SINCE THEY ARE VAGUE AND GENERAL?

      Suggested Answer:    YES.

4. SHOULD CLAIM III OF PLAINTIFF'S COMPLAINT BE DISMISSED, SINCE AS ALLEGED, THE DEFENDANTS' SEX OFFENDERS PROGRAM DOES NOT VIOLATE THE FIFTH AMENDMENT?

      Suggested Answer:    YES.

5. SHOULD DEFENDANTS ZHONG, HAMBERGER AND BENNING BE DISMISSED, SINCE THE PLAINTIFF HAS NO RIGHT TO A PRISON JOB?

      Suggested Answer:    YES.

6. SHOULD PLAINTIFF'S DENIAL OF ACCESS TO THE COURTS CLAIM BE DISMISSED, SINCE HE HAS NO RIGHT TO PARALEGAL ASSISTANCE?

      Suggested Answer:    YES.

7. SHOULD DEFENDANT LAW BE DISMISSED, SINCE THE PLAINTIFF HAS NOT STATED A MEDICAL CLAIM AGAINST HER?

      Suggested Answer:    YES.

8. SHOULD PLAINTIFF'S CHALLENGE TO MEGAN'S LAW BE DISMISSED, SINCE THE REGISTRATION PROVISIONS OF MEGAN'S LAW DO NOT VIOLATE THE EQUAL PROTECTION CLAUSE?

      Suggested Answer:    YES.

III. **ARGUMENT**

1. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER THE PRISON LITIGATION REFORM ACT ("PLRA"), FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

4

A.  **Standard for Motion to Dismiss**

When evaluating a motion to dismiss, the Court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 40 L.Ed. 2d 90 (1974). However, conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true. *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 101-102, 2 L.Ed 2d 80 (1957); *Flanagan v. Shively*, 783 F. Supp. 922, 927 (M.D. Pa. 1992), *aff'd without op.*, 980 F.2d 722 (3d Cir. Pa. 1992), *cert. denied*, 510 U.S. 829, 114 S. Ct. 95, 126 L. Ed. 2d 62 (1993). Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Coades v. Jeffes*, 822 F.Supp. 1189, 1190 (E.D. Pa. 1993); quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed. 2d 59 (1984). A complaint that sets forth facts which affirmatively demonstrate that the Plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108, 97 S.Ct. 285, 292-293 50 L.Ed. 2d 251 (1976).

B.  **Failure to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA"), no action shall be brought with respect to prison conditions by a prisoner until such administrative remedies as are available are exhausted. 42 U.S.C. §1997(e)(a). Under §3626(g)(2) of the PLRA, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. *Booth v. Churner*, 206 F.3d 278 (3d Cir. 2000) (applying

5

the exhaustion requirement under the PLRA to use of force claims); *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000); *Jenkins v. Morton*, 148 F.3d 257 (3d Cir. 1998).

Under Department policy DC-804, inmates can submit inmate grievances for review. The system is known as the Consolidated Inmate Grievance Review System. Under this system, which was in effect on the dates in question, an inmate can submit a written grievance to the Grievance Coordinator, who reviews it and responds to the inmate. If the inmate is dissatisfied with the response, he can appeal the matter to the Superintendent and then finally to the Chief Hearing Examiner.

Plaintiff does not indicate that he filed grievances as to all of his allegations. For example, he alleges that he filed a grievance concerning Mr. Zhong's refusal to re-hire him in the law library. See Complaint at ¶ 50. He also alleges that he filed a grievance concerning his personal injury in the kitchen area. See Complaint at ¶ 182. However, the Plaintiff fails to aver that he grieved the other matters raised in his Complaint. Further, he fails to allege that he appealed the grievances to final review. He does not assert that he grieved the issues involving the ADA, Megan's Law, the sex offenders' program, or access to the courts. Therefore, under the PLRA, the Plaintiff's Complaint should be dismissed, at least in part, for failure to exhaust administrative remedies.

In addition, a review of the Department records at SCI-Camp Hill indicates that the Plaintiff filed grievances concerning the following matters: slip and fall in the kitchen, the sex offenders' program, ADA, and denial of paralegal assistance. However, only the grievances concerning paralegal assistance, discrimination by librarian Zhong, Business Manager Gimble's denial of legal material and his removal from the sex offender program were appealed to final review under Department policy DC-ADM 804. See Declaration of Ben Livingood.

6

Accordingly, he has failed to meet his obligations under the PLRA and has failed to exhaust his administrative remedies. Therefore, this matter should be dismissed on that basis.

2. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED TO THE EXTENT IT SUES THE DEFENDANTS IN THEIR OFFICIAL CAPACITY.

An action in federal court for damages against state officials acting in their official capacities is barred by the Eleventh Amendment, since such retrospective relief necessarily depletes the state treasury. *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. 650 (1974); *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir. 1981). The general rule is that relief sought nominally against a state officer is in fact against the sovereign if the decree would operate against the latter. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 908 (1984).

In his Complaint, the Plaintiff is suing the Defendants in their official and individual capacities. See Plaintiff's Complaint at ¶ 25. However, an award against the Commonwealth Defendants in their official capacities is in violation of the Eleventh Amendment. Therefore, Plaintiff's claims against the Defendants in their official capacities must be dismissed.

3. PLAINTIFF'S ALLEGATIONS OF CONSPIRACY AGAINST THE DEFENDANTS SHOULD BE DISMISSED, SINCE THEY ARE VAGUE AND GENERAL.

The Plaintiff makes a number of nebulous allegations of conspiracy among the Defendants. For example, he states that Defendants Andrade and Stodgell conspired to find him guilty of a misconduct. See Complaint at ¶ 59. He also states that Andrade conspired with Defendant Densham in removing Plaintiff from his library job and finding him guilty of a different misconduct. See Complaint at ¶ 103. See also ¶ 122. He also alleges that Defendants Horn, Kyler and Dragovich have conspired to deny him access to paralegal assistance and

7

thereby interfered with his access to the courts. See Complaint at ¶ 66. These paragraphs are inadequate and do not sufficiently allege facts in support of a conspiracy.

It is a long-standing rule in the Third Circuit that a mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted the conspiracy or collusion is a conclusion of law and insufficient to state a claim. *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d. Cir. 1991); *Flanagan v. Shively*, 783 F.Supp. 922, 931 (M.D. Pa. 1992). In his Amended Complaint, Plaintiff merely asserts that the Defendants conspired to violate his civil rights, without alleging any specific facts, which support a conspiracy. For these reasons, the Plaintiff's conspiracy allegations should be dismissed.

4. CLAIM III OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED, SINCE AS ALLEGED, THE DEFENDANTS' SEX OFFENDERS PROGRAM DOES NOT VIOLATE THE FIFTH AMENDMENT.

Next, Plaintiff alleges that his participation in the voluntary sex offender treatment program at SCI-Camp Hill somehow offends his constitutional right against self-incrimination. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against themselves." U.S. Constitution, Amend. V. The federal courts have held that the Fifth Amendment protects individuals from answering official questions put to them in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate them in future criminal proceedings. *Allen v. Illinois*, 478 U.S. 364, 368, 106 S. Ct. 2988, 2991, 92 L.Ed. 2d 296 (1986); *Russell v. Eaves*, 722 F. Supp. 558, 560 (E.D. Mo. 1989), *appeal dismissed*, 902 F.2d 1571 (8th Cir. 1990).

In *Russell*, a Missouri state prisoner alleged that participation in a sex offenders program violated his constitutional rights in various ways. Specifically, he contended that the requirement that participants accept responsibility for their crimes violated his Fifth Amendment

8

right to be free from compulsory self-incrimination. The court in *Russell* held that the plaintiff's right against self-incrimination was not jeopardized by participation in the program. First, the court noted that the sexual offenders program was not a criminal proceeding but a clinical rehabilitative program. They also noted that plaintiff's testimony was not compelled. He could refuse to participate in the program. Finally, it noted that the plaintiff had already been convicted of the crime for which the program required that he accept responsibility. While further prosecution for that same crime could potentially violate the Fifth Amendment's double jeopardy clause, such a scenario was pure speculative and not properly before the court. 722 F. Supp. at 560-1. *See also Amen-Ra v. Department of Defense*, 961 F. Supp. 256, 260-1 (D. Kan. 1997), *aff'd*, 1998 U.S. App. LEXIS 12192 (10th Cir. 1998); *Weaver v. Pa. Board of Probation and Parole*, 688 A.2d 766 (1997); *Eldridge v. Vaughn*, 692 A.2d 616 (1997).

Similarly, in this case, the Plaintiff's refusal to admit his crime does not jeopardize his right against self-incrimination. First, the Department's sex offenders treatment program is not a criminal proceeding, but a clinical rehabilitative program. His participation is purely voluntary. He need not need to admit or deny anything, unless and until he participates in the program. The possibility that his statements within the context of the program may be used against him in the future is purely speculative. That scenario is especially unlikely in the light of the confidentiality surrounding the therapy sessions.

Finally, the Plaintiff's allegations are also speculative, since he does not allege that he ever sought participation in the program but was denied because of his refusal to admit his guilt. Accordingly, Plaintiff's claim under the Fifth Amendment should be dismissed.

5.  **DEFENDANTS ZHONG, HAMBERGER AND BENNING SHOULD BE DISMISSED, SINCE THE PLAINTIFF HAS NO RIGHT TO A PRISON JOB OR COMPENSATION.**

Plaintiff complains that Defendant Zhong refused to allow him to return to a job in the law library at SCI-Camp Hill. See Complaint at ¶36. He also alleges that Defendant Hamberger denied him unspecified employment. See Complaint at ¶ 134. In addition, Defendant Benning supposedly fired him from a kitchen job and "refused to pay Plaintiff compensation for his injury." See Complaint at ¶173.

However, since the Plaintiff is not entitled to any prison employment, his claims regarding the denial of prison employment should be dismissed. *See Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975); *White v. Sullivan*, 368 F.Supp. 292 (S.D.Ala. 1973). *See also, Brown v. Grabowski*, 922 F.2d 1097 (3d Cir. 1990), *cert. denied, Borough of Roselle v. Brown*, 501 U.S. 1218, 111 S.Ct. 2827 (1991).

6.  **PLAINTIFF'S DENIAL OF ACCESS TO THE COURTS CLAIM SHOULD BE DISMISSED, SINCE HE HAS NO RIGHT TO PARALEGAL ASSISTANCE.**

The Plaintiff's main complaint is that he was denied paralegal assistance in the law library at SCI-Camp Hill and therefore, this interfered with his access to the courts. However, the Plaintiff is not entitled to paralegal assistance under the law. *Lewis v. Casey*, 518 U.S. 343, 352, 116 S.Ct. 2174, 2180-1, 135 L.Ed 2d 606 (1996).

The Defendants have met their duty by giving him access to a law library at SCI-Camp Hill. They do not need to supply him with specific legal training or an individual to help with drafting legal documents in order to turn him into a "litigating engine." 116 S.Ct. at 2182. The law library at SCI-Camp Hill contains volumes and formbooks sufficient to meet the Plaintiff's needs. The courts have held that prison officials need not do more than that.

10

Plaintiff also alleges that Defendants Zhong, Kyler, Dragovich and Horn have failed to follow various DOC policies concerning inmate access to legal services. However, violations of Department regulations or guidelines do not constitute constitutional violations for purposes of §1983. Even assuming that Department officials failed to follow their own policies with regard to access to paralegal assistance, this would not constitute a violation of the United States Constitution. Therefore, Plaintiff's access to the courts claim should be dismissed.

Furthermore, with regard to Defendant Lucas, Plaintiff does not make specific enough allegations against him. Plaintiff merely states that Lucas denied him access to the law library on January 8, 2000. No injury to a non-frivolous legal claim is alleged to have resulted. These allegations are not sufficient to set forth a claim under Lewis v. Casey. Therefore, Defendant Lucas should be dismissed.[1]

7. DEFENDANT LAW SHOULD BE DISMISSED, SINCE THE PLAINTIFF HAS NOT STATED A MEDICAL CLAIM AGAINST HER.

Plaintiff has not stated a claim of deliberate indifference to a serious medical need against Defendant Law. He merely states that she has "shown a disregard for Plaintiff's medical conditions." See Complaint at ¶ 192. This is totally inadequate and insufficient to assert a medical claim under §1983. Estelle v. Gamble, 429 U.S. 97, 103-4, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(no deliberate indifference shown where the prisoner was treated by medical personnel 17 times over a three month period); Coades v. Jeffes, 822 F. Supp. 1189, 1191 (E.D. Pa. 1993)(mere allegations of medical malpractice do not present a constitutional violation). In order to succeed in a §1983 action claiming inadequate medical care, the plaintiff must show that

---

[1] Defendant Gault should also be dismissed since there are no specific allegations of liability against him. Complaint at ¶211(A).

11

the medical staff exhibited "deliberate indifference" to a serious medical need. *Estelle, supra.* Therefore, Plaintiff's claim against Law should be dismissed.

8.     PLAINTIFF'S MEGAN LAW CLAIM SHOULD BE DISMISSED, SINCE THE REGISTRATION PROVISIONS OF MEGAN'S LAW DO NOT VIOLATE THE EQUAL PROTECTION CLAUSE.

Plaintiff challenges the registration provisions of 42 Pa.C.S.A. §9793, commonly known as Megan's Law. Under that provision, Pennsylvania's Megan's Law requires certain offenders to register personal information with the Pennsylvania State Police, who will then provide the information to the appropriate local authorities. 42 Pa.C.S.A. §9793(a)-(c). Those persons required to register include those convicted of various offenses that are classified as a felony and involve a victim who is a minor, including rape. 42 Pa.C.S.A. §9793(b). The failure to register with the Pennsylvania State Police as required in this section constitutes a felony of the third degree. 42 Pa.C.S.A. §9793(a).

In his Complaint, the Plaintiff does not indicate whether or not he has been convicted of a sexual offense such as would require him to register under Megan's Law. However, even assuming that to be the case and that his claim is not moot, his challenge to Megan's Law must be dismissed.

The Pennsylvania Superior Court has upheld the registration provisions of Megan's law. *Commonwealth v. Mountain*, 711 A.2d 473, 480 (Pa. Super. 1998), *appeal denied*, 749 A.2d 469 (Pa. 2000). In doing so, the Court noted that adverse repercussions reportedly experienced by convicted offenders have little connection to the law's registration requirements. 711 A.2d at 476. The Court found the registration provisions to be "unobtrusive." Any detrimental effects from the registration provisions of Megan's Law "are incidental to their salutary purpose and operation." 711 A.2d at 477, *citing VanDoren v. Mazurkiewicz*, 695 A.2d 967, 976 (Pa. Cmwlth.

1997). The registration requirement was " a non-punitive measure with only the slightest inconvenience to the defendant and the overwhelmingly policy objective of assuring public safety." 711 A.2d at 478. In conclusion, the Superior Court found that the law did not violate the inmate's substantive or procedural due process rights, "as there is no property or liberty interest of which appellant has been deprived by application" of the registration requirements. 711 A.2d at 478.

In addition, the Third Circuit Court of Appeals has already addressed constitutional challenges to New Jersey's version of Megan's Law. In *Artway v. Attorney General of State of New Jersey*, 81 F.3d 1235 (3d Cir. 1996), an individual convicted of sodomy challenged the sexual offender registration requirements of New Jersey's Megan's Law under various constitutional bases. This included under the Equal Protection Clause of the United States Constitution. The Third Circuit held that New Jersey's Megan's Law did not violate the Equal Protection Clause.

Under the New Jersey statute, sexual offenders who are found to be "repetitive and compulsive" are required to register and provide information to the local prosecutor, who in turn must provide the information only to local law enforcement agents. First, the Third Circuit held that repetitive and compulsive sex offenders are not a suspect or quasi-suspect class. Therefore, a heightened equal protection scrutiny test was not required. The classification under Megan's Law was "subject to the general rule that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest," *Artway*, 81 F.3d at 1267, *quoting City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed. 2d 1313 (1985). The court held that protecting vulnerable

13

individuals in sexual offenses was certainly a legitimate state interest and that the registration provisions are rationally related to that goal. The Court in *Artway* stated:

> "The legislature could have rationally concluded that sex offenders who had completed all incarceration, probation and parole had a good chance of reintegrating into their communities and therefore pose a lower risk. Also, realizing that people who had rejoined society had the most to lose, the legislature could have rationally decide to provide only 'repetitive and compulsive' offenders in this category to register. Thus, this classification does not offend equal protection."

81 F.3d at 1268.

The registration provisions of Pennsylvania's Megan' Law are "essentially indistinguishable" from New Jersey's version of the statute. *Commonwealth of Pennsylvania v. Gaffney*, 702 A.2d 565, 568 (Pa. Super. 1997). The act itself states the purpose of the legislation and the registration provisions: "to protect the safety and general welfare of the people of this Commonwealth by providing for registration and community notification regarding sexually violent predators who are about to be released from custody and will live in or near their neighborhood." 42 Pa.C.S.A. §9791(b).

As with the New Jersey's Megan's Law, Pennsylvania's Megan's Law is also rationally related to a legitimate state interest. As with New Jersey statute, the state interest is in protecting the innocent individuals and their families from sexual offenders. It cannot be seriously asserted that this is not a legitimate state interest. The public has a legitimate interest in being protected from such criminals.

Second, the Equal Protection Clause does not prohibit all discrimination, only distinctions which are arbitrary. *Artway*, 81 F.3d at 1267. In this case, the distinction between sexual offenders and non-sexual offenders is not an arbitrary one. The legislature is legitimately

14

concerned about the harmful effects of sexual offenses as opposed to non-sexual offenses. Such sexual offenses can leave lasting emotional and physical scars upon young and impressionable victims. On the other hand, adult victims of non-sexual offenses such as robbery or burglary, may suffer only transitory and economic harms.

Finally, the Plaintiff argues that registration of sexual offenders is unnecessary, because he will be on parole and that is sufficient protection. However, the issue is not what is absolutely necessary or minimally necessary. While an inmate on parole is monitored by his parole officer, the legislature apparently felt that this was not enough oversight. Megan's Law is a legitimate and rational response to defects in the parole system. Accordingly, the Plaintiff's challenge to Megan's Law should be dismissed.

## IV.  CONCLUSION

For all of the above reasons, it is respectfully requested that the Court grant the Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN DOUGLAS,              :
                            :
        Plaintiff,           :
                            :    Civil Action No. 1:CV-00-0982
    v.                      :
                            :    (Judge Rambo)
MARTIN F. HORN, et al.,     :
                            :
        Defendants          :

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Brief in Support of Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint upon the person(s) and in the manner indicated below.

Service by first-class mail
addressed as follows:

Brian Douglas, DP-1285          James D. Young, Esquire
SCI-Camp Hill                   Lavery, Faherty, Young & Patterson, P.C.
P.O. Box 200                    301 Market Street
Camp Hill, PA  17001-0200       Harrisburg, PA  17108-1245


Janelle C. Porr
Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: January 29, 2001