IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN DOUGLAS, | : | CIVIL ACTION NO. 1:CV-00-0982 |
| Plaintiff | : | |
| | : | JUDGE SYLVIA H. RAMBO |
| v. | : | |
| | : | |
| MARTIN F. HORN, et al., | : | |
| Defendant | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANT, DR. LASKY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, Brian Douglas, a pro se inmate incarcerated at SCI-Camp Hill initiated this civil action by filing a Complaint on May 30, 2000. Plaintiff's Complaint arises out of the conditions of his confinement at SCI-Camp Hill, including the medical treatment which he received at that facility. The Complaint identifies Moving Defendant, Dr. Lasky, as the "head medical physician" at SCI-Camp Hill. (Complaint ¶ 11). By Order dated September 8, 2000, this Honorable Court directed the United States Marshal to serve Plaintiff's Complaint in accordance with Fed.R.Civ.P. 4. Plaintiff's Complaint was served upon Moving Defendant, Dr. Lasky, via a Waiver of Service of Summons dated December 1, 2000 and was received by the Moving Defendant's employer on December 5, 2000.

On January 29, 2001, Defendant, Dr. Lasky, filed a Motion to Dismiss Plaintiff's Complaint. Dr. Lasky has also filed an Appendix of Exhibits in support of his dispositive motion which is incorporated by reference as if fully set forth at length herein. The Department of Corrections defendants have filed a dispositive motion and supporting brief and an Unsworn Declaration from Ben Livingood, Assistant to the Superintendent at SCI-Camp Hill. Mr. Livingood's declaration is incorporated by reference as if fully set forth at length herein. This Brief is in support of Dr. Lasky's Motion to Dismiss Plaintiff's Complaint.

II. <u>QUESTIONS PRESENTED</u>

    A. STANDARD OF REVIEW.

    B. WHETHER PLAINTIFF'S COMPLAINT AGAINST DR. LASKY MUST BE DISMISSED AS A MATTER OF LAW FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES?

        [SUGGESTED ANSWER: YES]

    C. WHETHER PLAINTIFF'S COMPLAINT AGAINST DR. LASKY MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO ALLEGE ANY FACTS ESTABLISHING A COGNIZABLE EIGHTH AMENDMENT CLAIM?

        [SUGGESTED ANSWER: YES]

III. <u>ARGUMENT</u>

    A. STANDARD OF REVIEW.

2

> No action shall be brought with respect to prison conditions under § 1997 of the revised statutes of the United States (42 U.S.C. § 1983), or any other federal law by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceedings arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. Booth v. Churner, 206 F.3d 278 (3d Cir. 2000) (applying the exhaustion requirement under the PLRA to use of force claim); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000); Jenkins v. Morton, 148 F.3d 257 (3d Cir. 1998)).

No where in his Complaint against Dr. Lasky, does Plaintiff allege that he has filed any institutional grievance against Dr. Lasky with respect to the medical care which Douglas received while incarcerated at SCI-Camp Hill. In paragraph 191 of his Complaint, Plaintiff alleges that he filed Inmate Grievance CAM-267-00 against the medical staff for inadequate treatment, denial of medical treatment and for being overcharged for medical services. True and correct copies of Inmate Grievance CAM-267-00 and the Department of Corrections' responses are attached as Exhibit "B" in the Appendix of Exhibits. That grievance pertains to medical treatment provided to Plaintiff by physician assistants Yodelman and Jones in April, 2000. There is no mention of Dr. Lasky in that grievance. Moreover, Plaintiff's claims against Dr. Lasky

5

(paragraphs 154-156 of the Complaint) arise out of treatment provided in August, 1999. Since no initial grievance against Dr. Lasky was filed with the Department of Corrections, Plaintiff has not, and cannot, pursue any administrative appeals including any appeal to the Central Office Medical Review Committee. Thus, it is readily apparent from the face of the Complaint that Plaintiff has failed to exhaust available administrative remedies prior to initiating this civil action. Consequently, Plaintiff's Complaint must be dismissed in accordance with the provisions of the Prison Litigation Reform Act, as amended.

In <u>Payton v. Horn</u>, 49 F. Supp. 2d 791, 797 (E.D. Pa. 1999), Judge Brody concluded that Plaintiff had failed to state a cause of action based upon his conditions of confinement because he had not alleged that he had exhausted his administrative remedies including his appeals. Pursuant to the holding in <u>Payton</u>, Plaintiff's Complaint in this case must be dismissed for failure to exhaust available administrative remedies at SCI-Camp Hill.

Defendant anticipates that Plaintiff may assert that it was futile to pursue the inmate grievances. The futility of the administrative remedy, however, fails to excuse inmate Douglas' failure to utilize it. He has to utilize all available administrative remedies even if they are futile. The United States Court of Appeals for the Third Circuit has reached this conclusion in <u>Nyhuis v. Reno</u>, 204 F.3d 65, 72 (3d Cir. 2000), and in <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir. 2000). In <u>Nyhuis</u>, <u>supra</u>, the court concluded that Congress when it enacted 42 U.S.C. § 1997e(a) imposed an exhaustion of

6

administrative remedies requirement even when those remedies were futile. The court rejected any futility exception to the exhaustion requirement imposed by Congress when it adopted 42 U.S.C. § 1997e(a).

In Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), the Third Circuit reaffirmed its holding in Nyhuis, supra, and indicated that although Nyhuis involved a Bivens action brought by a federal inmate, the rule that the Court of Appeals announced in Nyhuis, has equal force in the § 1983 context since § 1997e(a) which applies to actions brought by a prisoner "under § 1983 of this Title or any other federal law" treats Bivens actions and § 1983 as functional equivalents. Id., 206 F.3d at 300. The Third Circuit concluded that because the inmate in Booth, supra, failed to exhaust his available administrative remedies rather than those he believed would be effective before filing his § 1983 action, the District Court appropriately dismissed his action without prejudice. Thus, inmate Douglas cannot show any justifiable reason for his refusal to initiate, let alone exhaust his available administrative remedies provided for by the Commonwealth of Pennsylvania, Department of Corrections at DC-ADM 804. Inmate Douglas' failure to utilize the available administrative remedies for his claims against Dr. Lasky must result in the dismissal of his Complaint. The United States Court of Appeals for the Third Circuit mandates this result based upon its holding in Nyhuis, supra, 204 F.3d at 72. Consequently, Plaintiff's Complaint against Dr. Lasky must be dismissed for failure to exhaust available administrative remedies.

Every other federal court to consider the issue has reached the same conclusion and has dismissed a prisoner's complaint for failure to exhaust administrative remedies. The United States Court of Appeals for the Sixth Circuit has adopted a rule requiring plaintiffs who file suit pursuant to 42 U.S.C. § 1983 to "allege and show that they have exhausted all available state administrative remedies." Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. deni. 119 S.Ct. 88 (1998) ("a prisoner shall attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint"); see also, White v. Fauver, 19 F. Supp. 2nd 305, 317 (D.N.J. 1998) (dismissing claims without prejudice for failure to allege exhaustion); Morgan v. Arizona Department of Corrections, 967 F. Supp. 1184 (D.Ariz. 1997) (prisoner who did not file initial grievance failed to exhaust his administrative remedies).

C. **IN THE ALTERNATIVE, PLAINTIFF'S COMPLAINT AGAINST DR. LASKY MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A COGNIZABLE EIGHTH AMENDMENT CLAIM.**

In his Complaint, Plaintiff attempts to assert a §1983 claim against the Dr. Lasky for allegedly depriving him of his Eighth Amendment rights to adequate medical treatment. It is important to note, however, that Section 1983 "is not a source of substantive rights" but merely provides a "method of vindicating federal rights elsewhere conferred." Baker v. McCollam, 443 U.S. 137, 144 n.3 (1979). The first inquiry in any §1983 suit is to isolate the precise constitutional violation for which the defendant is charged. Id. The validity of the claim must then be judged by reference to

8

the specific constitutional standard, which governs that right. Graham v. Connor, 490 U.S. 386 (1989).

While Plaintiff's Complaint contains more than 200 numbered paragraphs, there is a paucity of factual allegations addressing the medical care which was provided by Moving Defendant, Dr. Lasky. In addition to identifying Dr. Lasky as the "head medical physician" at SCI-Camp Hill in paragraph 11, the Complaint also contains the following allegation against Dr. Lasky:

> 154. In August of 1999, Defendant Lansky [sic] examined Plaintiff and minimized his physical impairments.
>
> 155. Defendant Lansky [sic] instructed kitchen 2 staff to limit Plaintiff's work assignments to no more than one hour on his feet and not to lift more than 50 pounds.
>
> 156. Upon information and belief, Dr. Lansky [sic] made a wrong diagnosis regarding Plaintiff's physical conditions and should have assigned Plaintiff to a much less strenuous/physical job in the prison.
>
> 177. Dr. Yuca stated that Plaintiff was mis-diagnosed by prison medical staff including Defendant Lansky [sic].

The gravamen of Plaintiff's claims against Moving Defendant, Dr. Lasky, is that he misdiagnosed Plaintiff's condition in August, 1999.

In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court ruled that deliberate indifference to the serious medical needs of a prisoner constitutes a violation of that prisoner's Eighth Amendment right to be free from cruel and unusual punishment. In the context of medical care, the relevant inquiry is whether a defendant

9

was: (1) deliberately indifferent (the subjective element), (2) plaintiff's serious medical needs (the objective element). See, Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court clarified the definition of these components. Following Farmer, prison officials will be liable in an Eighth Amendment condition case only if "the official knows of and disregards an excessive to inmate health or safety." Farmer, 114 S.Ct. at 1997.

Estelle, supra. found that prisoner complaints which are directed at the wisdom or quality of the medical care received will not state an Eighth Amendment violation under §1983, even if the treatment was so negligent as to amount to malpractice. Estelle, 429 U.S. at 107. "It is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute `deliberate indifference.'" Rouse v. Planter, 182 F.3d 192, 197 (3d Cir. 1999). Only flagrantly egregious acts or omissions can violate the standard. Mere medical malpractice cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a healthcare provider. White v. Napoleon, 897 F.2d 103, 108-10.

More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a

10

prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). See also, Estelle, 429 U.S. at 107 ("a medical decision not to order an x-ray, or other measures, does not represent cruel and unusual punishment"); Coades v. Jeffes, 822 F.Supp. 1189, 1191 (E.D. Pa. 1993 (mere allegations of medical malpractice do not present a constitutional violation); Palladino v. Wackenhutt Corrections, Civ. No. 97-CV-2401, 1998 WL 855489, at *2 (E.D.Pa. 1998) ("a doctor's decision whether to order specific diagnostic techniques or forms of treatment is within his medical judgment, and does not represent cruel and unusual punishment under the Eighth Amendment"); Solt v. Prison Health Services Polk County Jail, 806 F.Supp. 251 (M.D. Fla. 1992) (granting a motion to dismiss complaint alleging plaintiff needed MRI and referral to specialists for back, stating, in part, that "whether diagnostic techniques or particular forms of treatment are indicated as a matter for medical judgment.").

In Little v. Lycoming County, 912 F.Supp. 809, 815 (M.D.Pa. 1996), the court explained that deliberate indifference is more than an inadvertent or good faith error, it is characterized by obduracy and wantonness. The court went on to explain that prison medical authorities are given considerable latitude with respect to diagnosis and treatment of inmates. Id. "Courts will disavow any attempt to second guess the propriety or inadequacy of a particular course of treatment... which remains a question of sound professional judgment." Id. "The key question... is whether defendants have provided defendant with some kind of treatment, regardless of whether it is what the plaintiff desires." Id. at 816. "Absent evidence of the requisite [mental] intent to

11

establish indifference [a] plaintiff cannot sustain a §1983 action..... . <u>Bednar v. County of Schuylkill</u>, 29 F.Supp. 2nd 250, 253-54 (E.D.Pa. 1998) (citations omitted).

Based upon our Eighth Amendment jurisprudence, even if this Honorable Court accepts as true the allegations of the Complaint, Plaintiff fails to allege a cognizable constitutional claim against Dr. Lasky. The Third Circuit has also ruled that one doctor's disagreement with the medical judgment of another doctor does not state an actionable Eighth Amendment claim. <u>White</u>, 897 F.2d at 109-10. The Third Circuit has also ruled that "no claim is stated when a doctor disagrees with the professional judgment of another doctor. There may, for example be several ways to treat an illness." <u>White</u>, 897 F.2d at 110. In this case, Plaintiff claims that Dr. Yuca informed him in September, 1999 that Plaintiff had been "mis-diagnosed" by the prison medical staff, including Dr. Lasky. Such an allegation involving the exercise of professional judgment, without more, simply does not rise to the level of a constitutional claim.

Moreover, to the extent that the allegations of the Complaint can be construed as alleging negligence in the course of treatment, which is denied, those allegations still fail to state an actionable §1983 claim against Dr. Lasky. Simple negligence cannot serve as a predicate to liability under §1983. <u>Hudson v. Palmer</u>, 486 U.S. 517 (1984); <u>Estelle</u>, 429 U.S. at 106 (holding that even "medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") <u>Durmer v. O'Carroll</u>, 991 F.2ed 64, 67 (3d Cir. 1993) (The law is clear that simple medical malpractice is insufficient to present a constitutional violation.") Therefore, even accepting as true

12

Plaintiff's allegations of negligence, the Complaint fails to state a viable §1983 claim against Dr. Lasky. See, White, 897 F.2d at 108-110. Consequently, Count II of Plaintiff's Complaint must be dismissed with prejudice against Dr. Lasky for failure to state a cognizable Eighth Amendment claim.

IV.  CONCLUSION

For the reasons advanced herein, Defendant, Dr. Lasky, respectfully requests that this Honorable Court grant his Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 02/12/2001

By: _____
James D. Young, Esquire
Attorney I.D. #53904
PO Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendant,
Dr. Lasky

13

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this __12th__ day of February, 2001, I served a true and correct copy of the foregoing DEFENDANT, DR. LASKY'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT by U.S. First Class mail, postage prepaid, addressed as follows:

Brian Douglas
DP-1285
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200

Raymond Dorian, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

_Linda L. Gustin_
Linda L. Gustin