40
7/19/01
MM

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN DOUGLAS,
      Plaintiff

vs.

MARTIN F. HORN, et al.,
      Defendants

:   **CIVIL NO. 1:CV-00-0982**
:
:   **(JUDGE RAMBO)**
:
:
:
:      **FILED**
:    HARRISBURG, PA
:
    JUL 1 9 2001

   MARY E. D'ANDREA, CLERK
   Per _____
          Deputy Clerk

**M E M O R A N D U M**

## Background

Plaintiff, Brian Douglas, an inmate confined at the State Correctional Institution at Camp Hill (SCI-Camp Hill) at all times relevant to the instant matter,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983. Douglas completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his account. The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), imposed new obligations on prisoners who file suit in federal court and

_____

[1] Plaintiff notified this court on February 23, 2001, that he was transferred to SCI-Albion in Albion, Pennsylvania.

Certified from the record
Date   7-19-01
    Mary E. D'Andrea, Clerk
Per _____
      Deputy Clerk

wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).

Instead of utilizing the standard § 1983 form provided to prisoners to ensure their claims are properly filed, Plaintiff filed a complaint consisting of thirty-four (34) typed pages in which his various claims are intermingled and, at times, difficult to decipher.  Currently pending before this court are two motions to dismiss by Defendant Lasky and the Commonwealth defendants (docs. 30 and 31).  In his opposing brief, Plaintiff withdrew several of his claims in response to the arguments presented by Defendants.[2]  Based on the concessions of Plaintiff, three claims remain:  (1) denied paralegal assistance in the law library; (2) defendant Zhong discriminated against Douglas by refusing to allow him to return to his job in the law library; and (3) Dr. Lasky deprived him of his Eighth Amendment rights to adequate medical

---

[2]Plaintiff withdrew any alleged claims with respect to Megan's Law, the operation of the sex offenders program, except "the labeling of uniform by same," any claims not pursued on administrative appeal, any claims against Defendants Hamberger, Gimble, Gault, and Ward.  Commonwealth Defendants demonstrated that only four grievances were appealed to final review under Department policy DC-ADM 804:  (1) paralegal assistance; (2) discrimination by librarian Zhong; (3) business manager Gimble's denial of legal material; and (4) his removal from the sex offender program.  Plaintiff does not dispute the representation of the Commonwealth Defendants and only differs with defendant Lasky on the exhaustion issue.  (Doc. 36, p. 1-2).

2

treatment. Plaintiff seeks declaratory, injunctive, punitive and compensatory damages as well as any other relief that plaintiff is entitled.[3] The motions are fully briefed and ripe for consideration. Because Plaintiff has no constitutional right to paralegal assistance or a prison job, the Commonwealth defendants' motion to dismiss will be granted. Because Plaintiff has failed to state a cognizable Eighth Amendment claim, Defendant Lasky's motion to dismiss will also be granted.

## DISCUSSION

### A.    Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). It is additionally well-settled that pro se complaints should be liberally construed. Haines v.

---

3 Usually any claim for injunctive or declaratory relief would be dismissed when a prisoner is transferred. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993) (A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional); see also, Weaver v. Wilcox, 650 F.2d 22, 27 ( 3d Cir. 1981) ("a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge .") However, Plaintiff fails to state with specificity which claims he is seeking compensatory and/or punitive damages.   Therefore, this court will address each of the remaining claims.

Kerner, 404 U.S. 519, 520 (1972).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.

1996), the Court of Appeals for the Third Circuit added that when considering

a motion to dismiss based on a failure to state a claim argument, a court

should "not inquire whether the plaintiffs will ultimately prevail, only whether

they are entitled to offer evidence to support their claims."

"The test in reviewing a motion to dismiss for failure to state a claim is

whether, under any reasonable reading of the pleadings, plaintiff may be

entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)

(citation omitted).  Additionally, a court must "accept as true the factual

allegations in the complaint and all reasonable inferences that can be drawn

from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.

1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d

1165, 1168 (3d Cir. 1997).  This Court will now discuss defendants' motion in

light of the standards set forth above and Rule 12(b)(6) of the Federal Rules

of Civil Procedure.

4

**B.    Right to Prison Job or Compensation**

Though Plaintiff does not invoke the due process clause of the Fourteenth Amendment to the United States Constitution in support of this claim, it is clear that denial of due process is the only possible Constitutional violation presented by the instant claim. The Fourteenth Amendment of the United States Constitution provides in pertinent part: " No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  The Supreme Court has mandated a two-part analysis of a procedural due process claim:  first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property;' second, if protected interests are implicated, we then must decide what procedures constitute 'due process of law.' "  Ingraham v. Wright, 430 U.S. 651, 672 (1977).  If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

It is well-settled that an inmate does not have a protected liberty or property interest in continued prison employment.  James v. Quinlan, 866

F.2d 627, 629-30 (3d Cir.), <u>cert. denied</u>, 493 U.S. 870 (1989); <u>Bryan vs. Werner</u>, 516 F.2d 233, 240 (3d Cir. 1975). The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right. The "law is well established . . . that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest." <u>Bulger v. United States Bureau of Prisons</u>, 65 F.3d 48, 50 (5th Cir. 1995). <u>See also</u> <u>Coakley v. Murphy</u>, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding inmates have no property interest in continuing in work-release program); <u>Flittie v. Solem</u>, 827 F. 2d 276, 279 (8th Cir. 1987) (holding inmates have no constitutional right to be assigned a particular job); <u>Ingram v. Papalia</u>, 804 F.2d 595, 596 (10th Cir. 1986) (finding Constitution does not create a property interest in prison employment); <u>Adams v. James</u>, 784 F.2d 1077, 1079 (11th Cir. 1986) (assigning inmate as law clerk does not invest him with a property interest in continuation as such); <u>Gibson v. McEvers</u>, 631 F.2d 95, 98 (7th Cir. 1980) (finding inmate's expectation of keeping job does not amount to a property interest subject to due process protections); <u>Bryan</u>, 516 F.2d at 240 (same).

6

In so far as Plaintiff seeks to recover for Defendants' refusal "to pay plaintiff compensation for his injury," no inmate has a cause of action under § 1983 for lost prison wages.  <u>Gahagan v. Pennsylvania Bd. of Probation & Parole</u>, 444 F. Supp. 1326, 1330-31 (E.D. Pa. 1978);  <u>Bryan</u>, 516 F.2d at 240. Thus, dismissal in favor of  Commonwealth Defendants as to the right to prison job claim is appropriate.

## C.    Access to the Courts

Plaintiff's main complaint is that he was denied paralegal assistance in the law library at SCI-Camphill and therefore, this interfered with his access to the courts because his legal petitions and complaints have been denied. Plaintiff alleges that Commonwealth Defendants have provided him with less than adequate and effective law library assistance and that law library workers are not trained by paralegals nor possess the "bare essential fundamental understanding of legal ramifications to qualify helping Plaintiff." (Doc. 1, p. 10).

Inmates are not entitled to an "abstract, free standing right to a law library or legal assistance. . . ."  <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

7

Rather, the right established in <u>Bounds</u> is the right of access to the courts.  <u>Id.</u> at 343, <u>citing</u> <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).  To establish a <u>Bounds</u> violation, the "actual injury" that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  <u>Id.</u>  <u>Bounds</u> does not guarantee inmates the wherewithal to file any and every type of legal claim, but requires only that they be provided with the tools to attack their sentences, directly or collaterally, and to challenge the conditions of their confinement.  <u>Id.</u>  The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.  <u>Bounds</u>, 430 U.S. at 828.  Examples of actual injury is that a complaint an inmate prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known or that he has suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by

8

inadequacies of the law library that he was unable to even file a complaint. Lewis, 518 U.S. at 351. The Lewis court went on to state that "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts–a more limited capability that can be produced by a much more limited degree of legal assistance." Id. at 360. Plaintiff's complaint, if anything, illustrates accessibility to a law library and ability to file grievances, appeals, PCRA petitions, and civil rights complaints. Because Plaintiff fails to allege an actual injury and is not per se entitled to paralegal assistance, Commonwealth Defendants' motion to dismiss as to the denial of access to the courts claim will be granted.

### D.    Eighth Amendment

The remaining named defendant as to plaintiff's Eighth Amendment claim is Dr. Lasky.   An Eighth Amendment claim against a prison official must meet two requirements:  (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834

9

(1994).  In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety."  Id.  Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety.  Beers-Capitol v. Whetzel, 2001 WL 640713, at *1 (3d Cir. June 11, 2001).  This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  A defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.  Beers-Capitol, 2001 WL 640713, at *6.

Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled.  The government has an "obligation to provide medical care for those whom it is punishing by incarceration."  Id. at 103.  However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of

10

pain." <u>Id.</u> at 104 (citation omitted).  The two-pronged <u>Estelle</u> test for a

cognizable claim under a civil rights statute because of inadequate medical

care in prison requires that there be deliberate indifference on the part of

prison officials and that the prisoner's medical needs be serious.  <u>Government

of the Virgin Islands v. Martinez</u>, 239 F.3d 293, 301 (3d Cir. 2001).  The Court

of Appeals for the Third Circuit has held that not every injury or illness enjoys

constitutional protection; only serious medical needs are actionable.  <u>Colburn

v. Upper Darby Township</u>, 946 F.2d 1017, 1023 (3d Cir. 1991); <u>West v. Keve</u>,

571 F.2d 158, 161 (3d Cir. 1978).  Furthermore, a complaint that a physician

or a medical department "has been negligent in diagnosing or treating a

medical condition does not state a valid claim of medical mistreatment under

the Eighth Amendment [as] medical malpractice does not become a

constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429

U.S. at 106.

Plaintiff asserts that Defendant Lasky failed to provide adequate

medical care and misdiagnosed his medical care.  Plaintiff contends he had

prior medical ailments including a pin in his left ankle, asthma, back problems

11

and heart complications.  (Doc. 1, p. 19.)  He states that because of these

impairments, he was limited by medical staff as to what tasks he could

perform, was not allowed to play contact sports, and was given bottom bunk

status.  (Id. at 20.)  Plaintiff contends that due to his medical conditions, he

should not have been "forced to work in kitchen 2."  (Id.)

Plaintiff asserts that he was examined by Lasky in August 1999, and

that Lasky "minimized his physical impairments."  (Id.)  Plaintiff states that

Lasky instructed the kitchen staff to limit Plaintiff's work assignments to no

more than one hour on his feet and not to lift more than fifty (50) pounds.

(Id.)  Plaintiff asserts he should have been assigned a "much less

strenuous/physical job in the prison."   (Id. at 21.)

Plaintiff asserts he suffered a heart attack in August 1999.  He further

contends that on September 3, 1999, he was suffering from side effects of his

medication which resulted in him slipping and falling while working in the

kitchen.  (Id. at 22.)  Plaintiff was treated by a physician's assistant.  (Id.)

Plaintiff contends he was examined on September 13, 1999, by an orthopedic

12

surgeon who ordered surgery and stated that Plaintiff was misdiagnosed by prison medical staff including Lasky. (Id. at 23.)

At best, Plaintiff's allegations as to Defendant Lasky establish a claim of negligence in the course of treatment. Simple negligence cannot serve as a predicate to liability under § 1983. Hudson v. Palmer, 486 U.S. 517 (1984); Estelle, 429 U.S. at 106. Accordingly, Plaintiff fails to state a valid claim for which relief can be granted as to Lasky, and Defendant Lasky's motion to dismiss will be granted.[4]

Therefore, Defendants' motions to dismiss will be granted. An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated: July  /9, 2001.

_____

[4]Lasky also contends that Plaintiff failed to exhaust his administrative remedies. Plaintiff alleges that he did in fact exhaust his administrative remedies as to Lasky. Because Plaintiff fails to state a viable §1983 claim against Lasky, it is unnecessary for this court to address the exhaustion claim.

13

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 19, 2001

Re: 1:00-cv-00982   Douglas v. Horn

True and correct copies of the attached were mailed by the clerk
to the following:

```
Brian Douglas
SCI-ALBION
DP1285
10745 Rt. 18
Albion, PA  16475-0001

Raymond W. Dorian, Esq.
Office of Chief Counsel
PA Dept of Corrections
55 Utley Drive
Camp Hill, PA  17011

James D. Young, Esq.
Lavery & Associates, P.C.
301 Market Street
P.O. Box 1245
Suite 800
Harrisburg, PA  17108-1245
```

```
cc:
Judge                      (X )            (X ) Pro Se Law Clerk
Magistrate Judge           ( )             ( ) INS
U.S. Marshal               ( )             ( ) Jury Clerk
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              (X )
Federal Public Defender    ( )
Summons Issued             ( ) with N/C attached to complt. and served by:
                               U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5        ( )
Order to Show Cause        ( ) with Petition attached & mailed certified mail
```

```
                              to:  US Atty Gen   ( )   PA Atty Gen ( )
                                   DA of County  ( )   Respondents  ( )
Bankruptcy Court        ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: July 19th, 2001

BY: _____
    Deputy Clerk